IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
SHU-CHEN KUO : 16 CV 651 (JBA)
:
v. :
:
:
WINKLEVOSS CONSULTANTS, INC. : DATE: JUNE 7, 2017
:
------------------------------------------------------x

## RULING ON DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

On April 17, 2016, plaintiff Shu-Chen Kuo initiated this action against Winklevoss Consultants, Inc., seeking back pay, money damages, and other legal and equitable relief for allegedly unlawful discriminatory actions directed against her on the basis of national origin and race under 42 U.S.C. § 2000e, Title VII (Counts One, Four); 42 U.S.C. § 1981 et seq. (Count Two); CONN. GEN. STAT. § 46a-60(a) et seq. (Counts Three, Six); and for unlawful retaliation under the foregoing statutes (Counts Four-Six). On June 13, 2016, defendant filed its Answer and Affirmative Defenses (Dkt. #13), and on April 4, 2017, defendant filed the pending Motion for Leave to Amend Answer and Affirmative Defenses. (Dkt. #27).[1] Seven days later, plaintiff filed her brief in opposition (Dkt. #29), and on April 20, 2017, defendant filed a reply brief. (Dkt. #30).[2] On May 10, 2017, defendant filed a second reply brief (Dkt. #31), and seven days later, plaintiff filed her sur-reply brief. (Dkt. #36).

On May 12, 2017, U.S. District Judge Janet Bond Arterton referred the pending motion to this Magistrate Judge. (Dkt. #32). Under the latest Scheduling Order, discovery

---

[1] Attached as Exhibit A is defendant's proposed Amended Answer and Affirmative Defenses.

[2] Attached as Exhibit A are copies of case law.

is scheduled to close on June 15, 2017. (Dkt. #28). For the reasons stated below, defendant's Motion for Leave to Amend its Answer and Affirmative Defenses (Dkt. #27) is granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As stated above, defendant's original Answer and Affirmative Defenses were filed on June 13, 2016. Thereafter, the parties exchanged written discovery.[3] In its initial two-page filing, defendant contends that after filing its Answer and Affirmative Defenses ten months earlier, defendant "acquired evidence subsequent to [p]laintiff's termination which illustrates [p]laintiff engaged in conduct warranting discharge under certain policies or practice of [d]efendant." (Dkt. #27, at 1-2). Accordingly, in its proposed Amended Answer and Affirmative Defenses, defendant seeks to add a tenth affirmative defense which states: "To the extent [d]efendant has discovered subsequent to [p]laintiff's termination of employment that [p]laintiff engaged in conduct which would have warranted her discharge under [d]efendant's policy or practice, any right of [p]laintiff to recover damages beyond the date of such discovery is cut off." (Id., Exh. A at 10).

In response, plaintiff contends that defendant's motion fails because it does not "identify any facts demonstrating good cause to justify its desire to file an additional defense of 'after-acquired evidence.'" (Dkt. #29, at 1). Additionally, plaintiff argues that if such amendment is permitted, plaintiff will be prejudiced and the case will be delayed as a "new round of written discovery[]" will be necessary, and "[i]t will . . . potentially necessitate additional or delayed/continued depositions[,]" which, in turn, "will in all probability[,] require

---

[3]On the same day that defendant filed the pending Motion, defendant also filed a joint motion to extend the discovery deadline by forty-five days to conduct depositions. (Dkt. #26). That motion was granted by Judge Arterton the next day. (Dkt. #28).

2

an additional extension of the discovery period." (Id. at 1-2).

In its reply brief, defendant asserts that there is no evidence of undue delay, bad faith or dilatory motive as plaintiff "has been aware of the underlying facts giving rise to the defense since July 13, 2016 when [d]efendant served its responses to the Court's Initial Discovery Protocols[,]" in which defendant provided documents showing that plaintiff shared confidential financial information and documents in violation of her Confidentiality and Non-Compete Agreement, and that "[p]laintiff pled guilty in 2006 to a misdemeanor larceny charge which she never disclosed to [d]efendant." (Dkt. #30, at 4). Additionally, defendant asserts that there is still time to complete discovery, which does not end until June 15, 2017, and the after-acquired evidence defense is "a legitimate, well-founded defense supported by the facts of the case." (Id. at 5-6). Following plaintiff's deposition, just taken on May 1, 2017, defendant filed a "sur-reply" brief in which defendant argues that plaintiff's testimony confirms her disclosure of confidential information, and confirms that plaintiff "intentionally and knowingly failed to disclose" misdemeanor convictions that occurred prior to her hire, and did not disclose a misdemeanor conviction that occurred while she was employed by defendant. (Dkt. #31, at 2-4). In response, plaintiff contends that defendant's amendment cannot be legally sustained and is "futile[]" as Howard Winklevoss testified at his deposition that defendant has never terminated anyone for a misdemeanor; plaintiff was "free to share her work with her husband aside from 'competitive bid' material[]"; and discharge of an employee for not providing arrest or conviction information on an application is against public policy in this State. (Dkt. #36, at 2-3).[4]

---

[4]Plaintiff also appropriately notes that defendant's "sur-reply" briefs address issues not previously addressed by plaintiff, and pursuant to Local Rule 7(d), "[n]o sur-replies may be filed without permission of the Court. . . ." (Id. at 1-2).

II. DISCUSSION

Federal Rule of Civil Procedure 15(a) reads:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

"The Supreme Court has emphasized that amendment should normally be permitted and has stated that refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules." Independence Ins. Serv. Corp. v. Hartford Fin. Servs. Group, Inc., No. 04 CV 1512 (JCH), 2005 WL 1038991, at *4 (D. Conn. May 3, 2005)(internal quotation & additional citation omitted). Although it is "well established that leave to amend . . . is liberally granted[,]" the granting of a motion to amend remains within the sound discretion of the district court. Concerned Citizens of Belle Haven v. Belle Haven Club, No. Civ. 3:99 CV 1467 (AHN), 2002 WL 32124959, at *3 (D. Conn. Oct. 25, 2002); Messier v. Southbury Training School, No. 3:94 CV 1706 (EBB), 1999 WL 20907, at *3 (D. Conn. Jan. 5, 1999)(citations omitted). The court's "exercise [of discretion] depends upon many factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of [the] amendment." Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998), citing Foman v. Davis, 371 U.S. 178, 182 (1962). That said, "[t]he Second Circuit has 'referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend.'" Aguilar v.

4

Conn., No. 3:10 CV 1981 (VLB), 2013 WL 657648, at *8 (D. Conn. Feb. 22, 2013), aff'd sub nom. on other grounds, Doe v. Whidden, 557 F. App'x 71 (2d Cir. 2014), quoting AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A., 626 F.3d 699, 725 (2d Cir. 2010)(citation omitted).

### A. UNDUE DELAY AND PREJUDICE

Plaintiff commenced this action on April 27, 2016 (Dkt. #1), and following the Court's grant of an extension of time, defendant filed its Answer and Affirmative Defenses on June 13, 2016. (Dkt. #13; see Dkts. ##11-12). Approximately ten months later, and two and a half months prior to the expiration of the discovery deadline, defendant filed this pending Motion for Leave to Amend. (Dkt. #27). "Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend[,]" Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)(citation & internal quotations omitted), and the Second Circuit has "routinely excused delays of more than two years[.]" Concerned Citizens, 2002 WL 32124959, at *5 (citation omitted). Accordingly, defendant's relatively short delay in seeking leave to amend its answer and affirmative defenses, alone, is not grounds for denying its motion.

According to defendant, its after-acquired evidence defense was not asserted when it filed its Answer and Affirmative Defenses "because it desired additional discovery to ensure that it had a legitimate and good faith basis for its defense." (Dkt. #30, at 4). Plaintiff contends that defendant "cannot show good cause for its Motion to Amend as the information regarding arrests is contained in public records that have always been available to defendant[]"; and, "the balance of the information" is "derived solely from defendant's own documents." (Dkt. #36, at 1-2)(emphasis in original).

5

Defendant gathered the requisite information from written discovery,[5] and anticipated that evidence would be obtained from plaintiff's deposition which was originally noticed for September 26, 2016, and then rescheduled to May 1, 2017. (See Dkt. #30, at 4). Plaintiff has not established that defendant engaged in bad faith by proceeding in this manner. The deposition went forward on May 1, 2017, from which "[d]efendant learned additional information which supports its after-acquired evidence defense and lends further support to its Motion to Amend Answer and Affirmative Defenses." (Dkt. #31, at 1).

The Second Circuit instructs that to determine what constitutes "prejudice," the trial court must consider whether the assertion of the proposed amended claims would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent . . . plaintiff from bringing a timely action in another jurisdiction." Block, 988 F. 2d at 350 (multiple citations omitted). At the time that defendant's Motion for Leave was filed, there were several depositions of defendant's employees, as well as plaintiff's deposition, scheduled for the following month, as well as two and a half months prior to the close of discovery. See Terry v. County of Cayuga, 5:11 CV 1296(LEK/ATB), 2014 WL 1871879, at *4 (N.D.N.Y. May 8, 2014)(finding prejudice when late-filed motion to amend denied plaintiff opportunity to conduct discovery related to the after-acquired evidence); Aguilar, 2013 WL

---

[5]See Section II.B. infra.

Plaintiff relies on Terry v. County of Cayuga, 5:11 CV 1296(LEK/ATB), 2014 WL 1871879, at *3 (N.D.N.Y. May 8, 2014) for that court's conclusion that good cause does not exist for the late amendment of an Answer when defendant could have obtained after-acquired evidence earlier than it did because the records "were apparently available for [d]efendant's review all along[.]" However, in that case, defendant's actions were purposefully dilatory as defendant "implicitly acknowledged that it could have begun searching for [the] evidence [at issue] before" a deposition, and did not "immediately" begin searching for the relevant evidence following the deposition, but rather, starting searching "eventually." Id.

657648, at *8 ("Courts have typically found amendments to be prejudicial in circumstances where discovery has been completed and the case is near or on the eve of trial.")(multiple citations omitted); see also AEP Energy, 626 F.3d at 725-27.  Plaintiff has not been denied the opportunity to conduct discovery on this additional defense, and the resolution of this case will not be significantly delayed.  Accordingly, defendant's Motion to Amend cannot be denied on grounds of undue delay or prejudice.  See Block, 988 F.3d at 350 ("The rule in [the Second] Circuit has been to allow a party to amend its pleadings in absence of a showing by the nonmovant of prejudice or bad faith.")(citation omitted).

### B. FUTILITY OF AMENDMENT

As stated above, the propriety of granting a motion to amend remains within the sound discretion of the district court and the futility of the amendment is a valid reason to deny leave to amend.  Electronics Commc'ns. Corp. v. Toshiba Am. Consumer Prods., Inc., 129 F.3d 240, 246 (2d Cir. 1997)(citation omitted).  "This Court must read defendant's proposed amendments 'generously' and draw all reasonable inferences in favor of the pleading party."  Veritas-Scalable Investment Prods. Fund, LLC v. FB Foods, Inc., No. 3:04 CV 1199 (JBA)(JGM), 2006 WL 2520262, at *3 (D. Conn. July 26, 2006), approved & adopted, 238 F.R.D. 339 (D. Conn. 2006), quoting In re Everfresh Beverages, Inc., 238 B.R. 558, 571 (Bankr. S.D.N.Y. 1999).

As stated above, in its proposed Amended Answer and Affirmative Defenses, defendant seeks to add the following defense: "To the extent [d]efendant has discovered subsequent to [p]laintiff's termination of employment that [p]laintiff engaged in conduct which would have warranted her discharge under [d]efendant's policy or practice, any right of [p]laintiff to recover damages beyond the date of such discovery is cut off." (Dkt. #27,

7

Exh. A at 10). At her deposition, plaintiff acknowledged that she signed a Confidentiality and Non-Compete Agreement at the time of her hire, and that she sent her husband "numerous emails containing confidental company financial information." (Dkt. #31, at 2). Additionally, plaintiff acknowledged that she has a conviction for misdemeanor larceny in 1997, which she did not disclose on her employment application; she denied having information about a 2003 conviction for misdemeanor larceny; and she provided information about a 2006 conviction for misdemeanor larceny which she did not disclose during the course of her employment with defendant. (Id. at 3-4). In her response, plaintiff asserts that at the deposition of Howard Winklevoss, taken on May 16, 2017, Winklevoss testified that "defendant has never terminated anyone for any misdemeanor. He also testified that plaintiff, who was allowed to work from home, was free to share her work with her husband aside from 'competitive bid' material, which plaintiff is not being accused of sharing." (Dkt. #36, at 2). Defendant is permitted to conduct discovery on this policy, even if its affirmative defense may not ultimately succeed, as "[t]he issue is not whether [defendant] will ultimately prevail but whether [defendant] is entitled to offer evidence to support [its] claims." In re Everfresh, 238 B.R. at 571 (citation omitted).

Plaintiff also contends that the employment application includes language that advises that a conviction is not a basis for termination of employment; however, the language on the application states: "Answering 'yes' does not automatically exclude you from further consideration for the position." (Dkt. #36, Exh. A). That is not the same as stating affirmatively that a conviction is not a basis for denying or terminating employment. Moreover, although plaintiff contends that the "discharge of an employee for not providing arrest or conviction information on an application is currently against public policy of this

8

State and therefore prohibited[]" (Dkt. #36, at 3), CONN. GEN. STAT. § 31-51i prohibits inquiry into and discrimination on the basis of erased criminal records. Plaintiff has not established that the after-acquired defense is legally insufficient; the parties are addressing whether in fact plaintiff could have and would have been discharged had plaintiff disclosed her previous convictions or her conviction that occurred during her course of employment.

III. CONCLUSION

For the reasons stated above, defendant's Motion for Leave to Amend its Answer and Affirmative Defenses (Dkt. #27) is granted.

In light of the conclusion reached in this ruling, the discovery deadline is extended slightly, so that all discovery shall be completed **on or before July 7, 2017**.

See 28 U.S.C. § 636(b)(**written objection to ruling must be filed within fourteen calendar days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, 670 F. App'x 32 (2d Cir. 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated this 7th day of June 2017, at New Haven, Connecticut.

/s/ Joan Glazer Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge